(41 South. 59.)

No. 15,997.

ZEIGLER et al. v. INTERIOR DECORATING CO., Limited.

(April 9, 1906.)

1. RECEIVERS — CLAIMS — ESTABLISHMENT BY EVIDENCE.

All claims on a receiver's account, when opposed. must be proved up with legal certainty.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Receivers, §§ 268, 269.]

2. EVIDENCE—IN ANOTHER PROCEEDING—ADMISSIBILITY.

Documents found in the record of another suit against the corporation, offered in evidence on the trial of oppositions to a receiver's account, cannot be received or considered as evidence against the creditors of the insolvent.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2410–2413.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walker Byers Sommerville, Judge.

Action by Ferdinand Zeigler and others against the Interior Decorating Company, Limited. From an order dismissing the account of the Germania National Bank as in case of nonsuit, it appeals. Affirmed.

Buck, Walshe & Buck, for appellant. Lionel L. Labatt, Robert O'Connor, John Watt Duffy, George Joseph Unterciner, Stafford & Lambert, Charles Rosen, Edgar Mayer Cahn, John G. Robin, Bernard McCloskey, J. Zach. Spearing, Henry W. Robinson, Gabriel Fernandez, Sr., R. M. Montgomery, James J. McLaughlin, Herman Michel, Robert John Maloney, E. J. Dreyfous, John Thomas Nix, Lamar C. Quintero, W. H. Byrnes, Jr., R. A. Tichenor, Benjamin W. Kernan, Henry Garland Dupré, Asst. City Atty., James Barkley Rosser, Jr., and Ernest Touro Florance, for appellees.

LAND, J. The receiver filed a provisional account, on which the Germania National Bank appeared as a creditor for $4,000, without specification as to character of indebtedness.

Numerous oppositions were filed to the account, some of the opponents opposing generally all the items thereon.

Several opponents specifically opposed as not due the item, "Germania National Bank, $4,000.00."

On the trial of the oppositions no appearance was made in behalf of the said bank, and its claim was dismissed as in case of nonsuit, with the reservation of the rights of the bank as against any other funds that might thereafter be accounted for by the receiver.

The Germania National Bank has appealed, and the sole question for review is whether the evidence adduced is sufficiently certain to prove that the bank is a creditor of the insolvent corporation in the sum of $4,000.

As no direct evidence was offered by the bank to show that it was a creditor in any amount, the question seems to answer itself.

But counsel for the bank argue that its claim was proven by evidence offered in behalf of one of the opponents and received without objection. It appears that this opponent, Ferdinand Zeigler, claimed to be a creditor in a large amount, and that his counsel, in adducing evidence to establish the claim of the opponent, offered a certain suit as follows, to wit:

"By Mr. Cahn: I offer, introduce, and file in evidence the suit of Germania National Bank, in Liquidation, v. Interior Decorating Company, Limited, Ferdinand Zeigler, and Jean H. Duffy, Indorsers. The object of that offer is to show that Mr. Zeigler is still being pursued by the Germania National Bank in liquidation upon the indorsement which he made for the benefit of the Interior Decorating Company, Limited."

The record of the suit shows that the Germania National Bank, in liquidation, sued the Interior Decorating Company, Limited, as maker, and Jean H. Duffy and Ferdinand Zeigler, as indorsers, on four several promissory notes, for $1,000 each, bearing interest at the rate of 8 per cent. per annum from different dates.

The four notes, with certificates and notices of protest, were annexed and filed as a part of the petition.

The receiver appeared in the suit for the sole purpose of excepting to the petition and service thereof, on the ground that neither the corporation nor the receiver had been properly cited. The indorsers filed exceptions, which were overruled. Thereupon Ferdinand Zeigler answered, admitting his signature on the notes, but averring that he signed as surety and was entitled to the benefit of discussion, and therefore could not be proceeded against until the plaintiff had exhausted its recourse against the maker and the assets in the hands of the receiver.

The contention that the offer of this suit for the purpose named was equivalent to

offering the notes as evidence to establish the claim of the bank against the receivership is without merit.

The notes went in as a part of the petition, and not as evidence. The suit was res inter alios acta as to the creditors of the insolvent corporation.

The record of the suit is no evidence, even against the corporation, that the notes were signed by its duly authorized officers. The most that can be said is that the record shows that Ferdinand Zeigler judicially admitted the execution of the notes.

In Erwin v. Bank of Kentucky, 5 La. Ann. 6, this court said:

"The documents and testimony found in the record offered in evidence cannot, because they form part of the record, be received as proof in another suit."

In Mestier v. New Orleans & Opelousas R. R., 16 La. Ann. 356, this court said:

"The introduction of another suit in evidence does not make the testimony on which the judgment was rendered evidence in the new suit."

The account of the receiver was provisional, and he will have other funds to distribute. When the receiver files his final account, the bank will have another opportunity to prove the validity of its claims against the corporation.

For the foregoing reasons the judgment appealed from is affirmed, at the cost of the appellant bank.